IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY WEST,<br><br>   Plaintiff,<br><br>  v.<br><br>The VILLAGE OF WASHINGTON PARK, an Illinois home rule municipality, RICKIE THOMAS, MARY MCKINNEY, JULIETTE GOSA, JAMES MADKINS, FERRIS E. WILLIAMS, DEBBIE ANN MOORE, and CLYDE JACKSON.<br><br>   Defendant. | CASE NO.:  3:21-CV-0080 |

## **COMPLAINT**

NOW COMES Plaintiff, TIMOTHY WEST (hereinafter "West"), by his attorneys, THE LAW OFFICE OF LLOYD M. CUETO, PC and THE LAW OFFICE OF CHRISTOPHER CUETO, LTD, and hereby brings this Complaint against Defendants, VILLAGE OF WASHINGTON PARK, an Illinois municipal corporation, (hereinafter "Washington Park") and other Defendnats, stating as follows:

### **NATURE OF THE ACTION AND JURISDICTION**

1. This case arises from the improper actions of Washington Park which were orchestrated by its Mayor, Rickie Thomas (hereinafter "Thomas"). Specifically, Washington Park has repeatedly violated the Illinois Open Meetings Act, 5 ILCS 120/1 (hereinafter "OMA") which provides Plaintiff and the people of the State of Illinois with the right to be informed as to the conduct of public business. Second, Washington Park deprived Plaintiff of his Fourteenth

Amendment Rights in violation of 42 U.S.C. § 1983 by unnecessarily delaying approval of his application for a liquor license. Lastly, Washington Park violated FOIA, 5 ILCS 140/1 (hereinafter "FOIA") by impermissibly denying and/or ignoring Plaintiff's valid FOIA requests seeking information concerning the practices described above, presumably to conceal its wrongdoing.

2. Because of Washington Park's improper actions, this Complaint is filed (a) under the OMA for Washington Park's violations of the same and requests, among other relief, the Court award West reasonable attorneys' fees under OMA; (b) under § 1983 for Washington Park's constitutional violations and requests, among other relief, the Court award West reasonable attorneys' fees under § 1983; and, (c) under FOIA requesting the Court enjoin Washington Park from withholding public records, order the production of any public records improperly withheld, and to award West reasonable attorneys' fees under FOIA.

3. Timothy West is a resident of St. Clair County, Illinois.

4. Washington Park is a home rule municipality in St. Clair County, Illinois.

5. All other Defendants are named in their professional capacity.

6. This Court has jurisdiction over this action to decide claims brought under § 1983 by virtue of 28 U.S.C. § 1332(a)-(d) and has supplemental jurisdiction over the remaining state law claims.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

**BACKGROUND FACTS**

8. West, d.b.a. D's Convenience Store (hereinafter "D's"), is in the process of opening a store at 3400 Bunkum Road, Washington Park, Illinois 62204.

9.    In or around January of 2020, West applied for liquor and business licenses from Washington Park to open and operate D's.

10.   From April 2020 to October 2020, Washington Park made representations to West that Washington Park would grant both his liquor and business licenses once the Village convened for a public meeting.

11.   In the Summer of 2020, a Washington Park Building Inspector approved the buildout of D's.

12.   In October of 2020, after six months of representing that Plaintiff would soon be receiving their licenses, Defendants changed the liquor license ordinance to preclude Plaintiff's ability to apply.

13.   On or about October 27, 2020 Washington Park held its first meeting in months. Said meeting was to be held via Zoom as published but was actually held via teleconference from the Mayor's office.

14.   Not all Trustees participated in the teleconference.

15.   Said ordinance change was made immediately preceding Plaintiff's application was to be finally heard by the Village board.

16.   Washington Park, through Thomas, continues to arbitrarily and unnecessarily delay the issuance of business and liquor licenses for D's.

17.   Upon information and belief, the pertinent provisions of the Municipal Code of Washington Park create a property right for West in his application for a liquor license for D's.

## COUNT I
## CLAIM FOR VIOLATIONS OF THE OMA
*West v. Washington Park and other named Defendants*

18. West includes and realleges paragraphs 1 through 17 of this Complaint as paragraphs 1 through 17 of Count I and incorporates the same herein.

19. Washington Park's legislative, executive, administrative, and/or advisory bodies are public bodies as defined by the OMA which makes Washington Park an entity subject to the OMA. 5 ILCS 120/1.02.

20. Washington Park's Board's committees and subcommittees are subject to all requirements of the OMA, including, but not limited to, the requirements for providing public notice of meetings, conducting open meetings, preparing agendas, and keeping minutes.

21. From April 2020 through October 2020, Washington Park and other named Defendants violated the OMA by failing to hold public meetings and/or holding meetings exclusively through phone conference in which not all trustees could participate.

WHEREFORE, Plaintiff, TIMOTHY WEST, requests this Court enter judgment against Defendant, VILLAGE OF WASHINGTON PARK and other named Defendants, and grant relief by (a) a mandamus requiring that a village meeting concerning West's business and liquor license be open to the public and in full compliance with the OMA; (b) enjoining Washington Park from committing further violations of the OMA; (c) enjoining Washington Park's public bodies to make available to the public such portions of the minutes related to West's business and liquor license which are not authorized to be kept confidential or declaring null and void any final action taken at closed session in violation of the OMA; awarding West reasonable attorneys' fees under OMA; and (c) granting such other relief as the Court deems appropriate.

## COUNT II
## CLAIM FOR VIOLATIONS OF SECTION 1983
*West v. Washington Park and other named Defendants*

22. West includes and realleges paragraphs 1 through 21 of this Complaint as paragraphs 1 through 21 of Count II and incorporates the same herein.

23. Thomas, while acting as an official of Washington Park and under the color of state law, caused a deprivation of West's federal rights.

24. West, as an applicant for a liquor license from Washington Park, has a property interest for the purposes of the Fourteenth Amendment. *Mirshak v. Joyce*, 652 F. Supp. 359, 366 (N.D. Ill. 1987).

25. West satisfied all the requirements for business and liquor licenses for D's entitling him to those licenses.

26. Thomas continues to deprive West of those licenses without due process of law by unnecessarily delaying approval of said licenses.

WHEREFORE, Plaintiff, Timothy West, requests this Court enter judgment against Defendant, VILLAGE OF WASHINGTON PARK and other named Defendants, and grant relief by (a) awarding compensatory damages; (b) awarding West reasonable attorneys' fees under OMA; and (c) granting such other relief as the Court deems appropriate.

## COUNT III
### CLAIM FOR VIOLATIONS OF FOIA
*West v. Washington Park and other named Defendants*

27. West includes and realleges paragraphs 1 through 26 of this Complaint as paragraphs 1 through 26 of Count III and incorporates the same herein.

28. West made multiple FOIA requests to Washington Park to obtain a copy of its Municipal Code.

29. Washington Park has denied and/or ignored all of West's FOIA requests to obtain a copy of Washington Park's Municipal Code.

30. To date, there is no way for the public to easily access Washington Park's Municipal Code.

31. Upon information and belief, Washington Park has a pattern and practice of not making available to the public its Municipal Code.

32. Without any other available remedy through Washington Park, West is now seeking appropriate redress in this Court by seeking the disclosure of any and all records enumerated in his 2019/2020 FOIA requests to Washington Park.

33. This Court has jurisdiction "to enjoin [Washington Park] from withholding public records and to order the production of any public records improperly withheld . . .." 5 ILCS 140/11(d).

WHEREFORE, Plaintiff, TIMOTHY WEST, requests this Court enter judgment against Defendant, VILLAGE OF WASHINGTON PARK and other named Defendants, and grant relief by (a) enjoining Washington Park from withholding any and all non-exempt records enumerated in West's 2019/2020 FOIA requests to Washington Park and order production of said records improperly withheld; (b) awarding West reasonable attorneys' fees under FOIA; and (c) granting such other relief as the Court deems appropriate.

Respectfully submitted,

/s/ Lloyd M. Cueto
Lloyd M. Cueto, IL #6292629
Law Office of Lloyd M. Cueto, P.C.
7110 West Main Street
Belleville, IL 62223
cuetolm@cuetolaw.com